IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| KATHY REAVES,<br><br>*Plaintiff,*<br><br>v.<br><br>CLARKE COUNTY SCHOOL DISTRICT, *et al.,*<br><br>*Defendants.* | CIVIL ACTION NO.<br>**3:26-cv-00026-TES** |

## ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

Pro se Plaintiff Kathy Reaves commenced this civil action on March 5, 2026, by filing a complaint [Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP")— that is, without prepaying fees and costs. [Doc. 2]. Because the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2] and waives the filing fee, the Court must screen her Complaint. *See* 28 U.S.C. § 1915(e).

1.      **Motion for Leave to Proceed *In Forma Pauperis***

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

[Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of

all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After reviewing Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. [Doc. 2].

### 2.    Frivolity Review

Since Plaintiff is proceeding *in forma pauperis*, § 1915(e) requires the Court to review her pleadings to determine whether they are frivolous or malicious or fail to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints"). A district court may conclude that pleadings are frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without "an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31,

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

32–33 (1992). During analysis, all factual allegations in a complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Courts, however, under § 1915(e), have the "unusual power" to "pierce the veil" of a complaint's factual allegations and dismiss claims predicated on "wholly incredible" factual contentions. *Denton*, 504 U.S. at 33; *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

"Expiration of the applicable statute of limitations warrants dismissal of a claim as frivolous." *Borda v. Chase*, 630 F. App'x 889, 890 (11th Cir. 2015) (citing *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990)). "Dismissal . . . 'on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.'" *Winston v. Walsh*, No. 5:19-cv-00070-TES, 2019 WL 3068451, at *3 (M.D. Ga. July 12, 2019) (quoting *Bhd. of Locomotive Eng'rs v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008)). "This is because [a] statute of limitations bar is an affirmative defense," and a plaintiff is "not required to negate an affirmative defense in [her] complaint." *Id.* (citing *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)) (cleaned up).

Here, Plaintiff brings six claims. [Doc. 1, pp. 4–5]. She brings Count I under the Fair Credit Reporting Act ("FCRA"). [*Id.* at p. 4]; 15 U.S.C. § 1681, *et seq.* Plaintiff brings her remaining claims under 42 U.S.C. § 1983. [Doc. 1, pp. 4–5]. It is apparent from the face of Plaintiff's Complaint that her § 1983 and FCRA claims are time-barred; thus, sua sponte dismissal of those claims by the Court is appropriate. *See Quire v. Smith*, No. 21-

3

10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021) ("A dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred."); *see also Simpson v. Florida*, 708 F. App'x 635, 636 (11th Cir. 2018) ("A district court may properly dismiss a § 1983 complaint sua sponte, without requiring any responsive pleadings, for failure to state a claim if the action would be barred by the state's statute of limitations.").

The statute of limitations for claims brought under the FCRA is "no later than the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681(p). The factual allegations in Plaintiff's Complaint occurred in 2021. [Doc. 1, ¶¶ 1, 3]. In her allegations, Plaintiff states that she "received notice" of the reasons why she was denied employment. [*Id.* at ¶ 1]. Along with her Complaint, Plaintiff filed exhibits. Two are emails dated July 22, 2021, in which Plaintiff learned of her denial of employment in Clarke County and the reasons for it— namely, an outstanding warrant in her background check. [Doc. 1-1, pp. 2–3]. Another exhibit is a letter from Clayton County dated August 16, 2021, also citing Plaintiff's background check. [Doc. 1-3, p. 2]. Accordingly, the latest date in Plaintiff's Complaint by which she could have learned about an alleged violation of the FCRA was August 16, 2021. Two years from that date is August 16, 2023. Plaintiff's FCRA claim is almost three years late, and therefore frivolous.

Next, the statute of limitations for § 1983 claims in Georgia is two years. *Rehberger v. Henry Cnty., Ga.*, 577 F. App'x 937 (11th Cir. 2014) (citing *Brown v. Ga. Dep't of Revenue*, 881 F.2d 1018, 1022 n.10 (11th Cir. 1989)). "Claims for constitutional violations brought under § 1983 are regarded as 'tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.'" *Downing v. Thompson*, No. 5:24-CV-00277-TES, 2024 WL 4829476, at *3 (M.D. Ga. Nov. 18, 2024) (quoting *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008)). Although the length of the statute of limitations is provided by state law, federal law dictates the date of accrual. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A claim accrues "when the plaintiff has 'a complete and present cause of action.'" *Reed v. Goertz*, 598 U.S. 230, 235 (2023) (quoting *Bay Area Laundry v. Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). "That is generally the date when the plaintiff knew or should have known of [her] injury." *Downing*, 2024 WL 4829476, at *3 (citing *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1123 (11th Cir. 2017)).

Once again, Plaintiff's claims occurred in July and August of 2021. [Doc. 1, ¶¶ 1, 3]; [Doc. 1-1, pp. 2–3]; [Doc. 1-3, p. 2], Taking the latest of those dates, Plaintiff's claims accrued in August of 2021. Therefore, the statute of limitations for Plaintiff's § 1983 claims ran in August of 2023. Her claims are time barred.

### 3.    Conclusion

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP

[Doc. 2]. Then, upon review of Plaintiff's complaint [Doc. 1] under 28 U.S.C. § 1915(e), the Court **DISMISSES** it. 28 U.S.C. § 1915(e)(2)(B).

      **SO ORDERED**, this 6th day of March, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

6